This entry of this memorandum and the accompanying order of dismissal was held pending resolution of the final application for compensation filed by the trustee. That Order having been entered on January 6, 2015, the court will now enter the order and memorandum. The time to appeal will begin running from the date of the entry of the order of dismissal.

**SIGNED this 6th day of January, 2015**

_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:                                                          No. 14-10588
                                                                Chapter 7
TRAVIS LAMAR SHIELDS,

    Debtor.

**MEMORANDUM**

[Oral Opinion Delivered on December 18, 2014][1]

Travis Shields has moved the court to dismiss his chapter 7 case. The case was filed on February 12, 2014 as a Chapter 7 and has remained a chapter 7 proceeding for the duration of the case. The debtor has not received a discharge because the case trustee, the U.S. Trustee and two creditors have obtained extensions of the deadline to object to discharge, and the two creditors have also obtained extensions of the deadline to object to dischargeability. A third creditor, Vincent Mahalik, filed a motion that his judgment be declared nondischargeable. He also filed an

---

[1] This memorandum was edited following the reading in court. To the extent that there are any differences between this and the oral opinion delivered, the written opinion supersedes the oral opinion.

1

objection to the dismissal. Only the trustees and the debtor's counsel appeared at the hearing. The objecting creditor and the other two creditors did not. Citizens Tri County Bank, a creditor who had not filed an extension of the deadline to object, appeared in support of the motion to dismiss.

The proposed order that has been submitted to the court grants the dismissal but imposes a five year prohibition on this debtor's filing of bankruptcy. The motion and order provided no factual basis for the reason the court should allow the dismissal of the case but not allow refiling of a bankruptcy petition for five years. At the first setting of the motion, the court requested briefing from the parties on the propriety of allowing the dismissal and the imposition of a five year prohibition without an objection to discharge or a request for dismissal with prejudice. The court was also concerned that the terms of the dismissal disguised an arrangement to settle a potential objection to discharge. *See, e.g., In re Babb*, 346 B.R. 774 (Bankr. E.D. Tenn. 2006); *In re Moore*, 50 B.R. 661 (Bankr. E.D. Tenn. 1985). The court heard further argument and stipulations from the parties on December 18, 2014.

The court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(I), (J) and (O). These are the courts findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to contested matters by Fed. R. Bankr. P. 9014.

The court may dismiss a case under Chapter 7 **only** after notice and a hearing and **only** for cause shown. 11 U.S.C. § 707(a).[2] If the court dismisses the case, the dismissal does not bar the discharge in a later case of debts that were dischargeable in the dismissed case unless the

---

[2] The Bankruptcy Code gives three nonexclusive grounds for cause. None of which apply to this case.

2

court orders otherwise. 11 U.S.C. § 349(a). The court may order otherwise and dismiss the case with prejudice and hold that some or all of the debts listed in the case being dismissed are not dischargeable. *In re Jones*, 289 B.R. 436, 440 (Bankr. M.D. Ala. 2003).

The court's first concern is notice. A review of the case docket shows a number of address corrections. It appears that very few of the original addresses in the matrix were correct. At the hearing, the debtor's attorney provided the explanation that many of the creditors listed were individuals who had invested in one of the companies in which the debtor was involved but were not actual creditors of this individual debtor. They were listed out of an abundance of caution. The corrections were required when prior notices had been returned or the debtor's attorney had learned that the individual creditors had moved. Many of them were individuals who had contacted the case trustee about filings they were receiving. An examination of the docket discloses that there were only three address changes made after the motion to dismiss was filed and served. Based on that review of the record and explanation of counsel, the court finds that adequate notice was given.

The second concern is whether the debtor has shown cause for the dismissal. The cause shown is that the debtor wants his case dismissed. He is involved in a criminal investigation and is unwilling to provide the information that would be necessary to fully explain his financial condition; consequently, he does not see the prospect of obtaining a discharge to be very likely or the risks of criminal liability to outweigh the problems caused by the continual pursuit by his creditors. The U.S. Trustee also indicated that trying to pursue an objection to discharge will be difficult at this time because the debtor is refusing to answer any further questions. For these reasons, the parties, in an effort to obtain some protection for creditors without incurring the expense of a trial, obtained the debtor's agreement to forgo refiling for five years. The case

3

trustee and the U.S. Trustee both stated that they believed that the agreement was in the best interest of creditors. After reviewing those facts and statements made by counsel at the hearing, the Court finds that cause exists for the dismissal.

The third concern is the prohibition against filing. The parties are asking the court to sign an order that does more than merely dismiss the case. The order also contains a prohibition against filing a bankruptcy for five years. Had the debtor negotiated such a provision prepetition with the two creditors who have extensions to object to his discharge, the provision might have been unenforceable because it violated public policy. This policy has been in existence prior to the enactment of the Bankruptcy Code. "The agreement to waive the benefit of bankruptcy is unenforceable. To sustain a contractual obligation of this character would frustrate the object of the Bankruptcy Act, particularly of section 17 (11 USCA § 35)." In re Weitzen, 3 F. Supp. 698, 698 (S.D.N.Y. 1933).

> The policy continues to exist under the Code.
>
> This court holds that prohibitions against the filing of a bankruptcy case are unenforceable, self-executing clauses in pre-petition agreements purporting to provide that no automatic stay arises in a bankruptcy case are contrary to law and hence unenforceable, and that self-executing clauses in pre-petition agreements that purport to vacate the automatic stay are likewise unenforceable.

In re Shady Grove Tech Ctr. Associates Ltd. P'ship, 216 B.R. 386, 390 (Bankr. D. Md. 1998), *supplemented*, 227 B.R. 422 (Bankr. D. Md. 1998)

> As the Movant suggested in its willingness to proceed without any testimony, and as it makes clear in the arguments articulated in its Brief, it presents the substantive issue as purely a claim that its "contract" with the Debtor by which she agreed to file no further bankruptcies within 180 days from the filing of her fifth bankruptcy case is capable of strict enforcement and must be enforced by this court. Unfortunately, this argument, though seemingly resounding with thunderous force in light of the large number of cases filed by the Debtor within a brief period, strikes a lightning rod in the form of the legal principle that an agreement not to file bankruptcy is unenforceable because it violates public policy.

In re Madison, 184 B.R. 686, 690 (Bankr. E.D. Pa. 1995). Because of this risk of invalidity, the parties are asking the court to impose this prohibition in the order.

Section 349 states that the dismissal of the case does not prejudice the debtor with regard to filing a subsequent petition, except as provided in §109(g) of Title 11. 11 U.S.C. § 349(a). Section 109 provides a prohibition against filing for 180 days if the court finds that the debtor failed to abide by orders of the court or to appear before the court in proper prosecution of the case. 11 U.S.C. § 109(g)(1). The debtor and trustees are not relying on either of those grounds. They contend there is another exception.

They rely on cases which impose longer prohibitions against filing granted by courts that have found that there was an abuse of the bankruptcy system. One court described the justification as a "further measure[s] to protect creditors and preserve the integrity of the Bankruptcy Court." *In re Jones*, 289 B.R. 436, 440 (Bankr. M.D. Ala. 2003). The U.S. Trustee refers the court to the cases of *In re Jones*, 289 B.R. 436 (Bankr. M.D. Ala. 2003) (serial filer); *In re Johnson*, 281 B.R. 269 (Bankr. W.D. Ky. 2002) (debtor refused to disgorge funds); and *In re McCoy*, 237 B.R. 419 (Bankr. S.D. Ohio 1999) (serial filer). These cases all involved prohibitions of five years. The Jones and McCoy cases involved show cause orders issued by the court. The Johnson case was the only one before the court on the Debtor's motion to dismiss. In this case, there was trustee and creditor support for the prohibition, but there were no acts of abuse of the bankruptcy system alleged or admitted in the original motion filed by Mr. Shields. At the initial hearing the court was unwilling to allow the process of an objection to discharge and dischargeability to be abandoned in favor of a prohibition without additional proof of a legal and factual basis for such a result.

The parties addressed the deficiencies in their briefs, and the debtor's attorney stated at the hearing that the facts as described in those pleadings were accurate. The case trustee relies on the fact that the debtor concedes that he is a party in interest in a criminal investigation involving his real estate businesses and allegations of mortgage fraud. He has exercised his rights under the Fifth Amendment of the Constitution and refused to answer follow up questions at a 2004 examination conducted by the U.S. Trustee and the case trustee. The trustee has settled a claim against the debtor's wife for property the Debtor transferred from one of his businesses into his own name, then his wife's and his name jointly, and then to a limited liability company owned by his wife. As for the two banks who have been seeking extensions of the deadline to object to discharge and dischargeability, the case trustee seems to argue that they are insisting on the prohibition as a condition of their willingness not to object to the dismissal. Both trustees indicated that there would be additional costs to the estate in pursuing objections to discharge where the debtor was not cooperating because of the criminal investigation.

The U.S. Trustee states that the basis for the five year prohibition is that the Debtor gave inaccurate and potentially false testimony at a 2004 examination regarding information on a tax form the Debtor filed in the land records of Dade County, Georgia related to the transfer of a parcel of real estate to the Debtor's wife, Hasley Abbygail Shields. He testified that he stated the value at $220,000, but when the document was produced, it reflected that he had reported the value a $0.00. The trustee alleges that the value was misstated to avoid having to pay real estate taxes based on the transfer. When the debtor was asked follow up questions at the adjourned 2004 examination, he exercised his Fifth Amendment rights and answered no other questions.

The third creditor, and the only one still objecting to the dismissal, did not want the case dismissed because he wanted the debtor to stay under the authority of a trustee. He was

concerned that the debtor would continue to do business and presumably accumulate assets using his wife as a shield. This creditor had obtained a default judgment against Mr. Shields and others on November 29, 2012, in the Superior Court of Dade County, Georgia, for actual damages of $297,478.13 trebled under the Federal RICO statute, attorney fees of $14,939.97, and punitive damages of $10,000,000 based on RICO and fraud claims. [Opposition to Debtor's Motion for Dismissal of Case filed by Vincent E. Mihalik, Doc. No. 115 at pp. 3-5.] With a dismissal, this creditor could pursue execution on his judgment and pursue any future transfer the debtor may make to his wife in fraud of his creditors.

As further support for the entry of the proposed order, the case trustee contends that no creditor will be harmed by the dismissal because no discharge is being granted. The creditors will be free to pursue their rights under their contractual documents. They may all race to see what they can recover. The court's question is whether the creditors who have been put on hold for almost a year due to a process the debtor selected will be prejudiced by being returned to a race, the expenses of which must now be funded by each creditor rather than shared by the orderly liquidation process provided by the Bankruptcy Code. The creditors do not seem to be concerned about the "race." Based on their involvement in the negotitations, two major creditors support the dismissal. Another appeared at the hearing to support the dismissal, and all but one other consented by their silence.

Weighing all of the evidence before it, the court finds that there is evidence of abuse based on the decision by the debtor not to cooperate and explain his prepetition business so that his financial condition could be determined. While a waiver of discharge would have been a more final result, the parties have asked the court to approve a prohibition against refiling protecting the creditors while the debtor resolves his criminal issues. The avoidance of the

expense and risk of discharge and dischargeability litigation at this time is sufficient to justify the prohibition. It is an unusual resolution, and its approval by this court is highly dependent on the facts in this case. It is a resolution which the court believes should be the exception rather than the rule in chapter 7 proceedings.

The court will also overrule the only objection to the dismissal filed by Mr. Mahalik on the basis that the potential harm to him is minimal. He currently holds a judgment which he may pursue immediately upon the dismissal. To the extent that the delay may make an objection to discharge or dischargeability more difficult in five years, that is not his issue. He has no risk of stale proof or a statute of limitations defense because he has already obtained a judgment.

Finally, the court finds based on the additional briefing filed by the case trustee and the U.S. Trustee that allowance of a dismissal conditioned on prohibition is not a case of the debtor buying a discharge of his obligations. No discharge is being granted at this time and no promise of a discharge in the future has been made.

A separate order will enter granting the motion to dismiss on the terms proposed by the parties.

###